## CRIPPEN v. ADAMS.

MISTAKE—GIFT INTER VIVOS.

When a person 85 years old, desiring to give a domestic in his household $500, on the day of his death, in order to carry out his wish, indorsed in lead pencil four certificates of bank stock, of the aggregate value of $4,500, it was *held* that the

transfer was a mistake, and should be set aside, except that the servant should be allowed to retain $500 in par value of the stock, conceded to her by the executor and heirs of the deceased.

Appeal from Wayne; Donovan, J. Submitted December 4, 1902. (Docket No. 72.) Decided December 16, 1902.

Bill by William H. Crippen, executor of the last will and testament of Abram Shear, deceased, against Rachael Adams and others, to set aside a transfer of bank stock. From a decree for complainant, defendant Adams appeals. Affirmed.

*Alfred Lucking* (*W. M. Lillibridge*, of counsel), for complainant.

*Moore & Moore*, for appellant.

MONTGOMERY, J. Abram Shear died February 7, 1901, at the advanced age of 85 years. The immediate cause of his death was bronchial pneumonia. He was stricken with this disease on February 4th, and the disease apparently progressed steadily until the 7th, when, at about 4 o'clock in the afternoon, he died. On Wednesday, the 6th, he was possessed of his faculties, and at that time expressed the desire to his niece, Mrs. Moon, that the defendant Mrs. Adams should receive $500 out of his estate. Mrs. Adams had been a domestic in the decedent's household for some years at a salary of $1.50 per week, and decedent evidently desired to reward her faithfulness. On the morning of the 7th, Mrs. Moon undertook, at the suggestion of defendant's son-in-law, to provide a means for decedent to complete his gift. Mr. Bennett, the cashier of the Plymouth Savings Bank, was sent for, and produced four certificates of stock in the bank, standing in the name of Mr. Shear, representing an aggregate value of $4,500, which were indorsed by him in pencil. This bill is filed to set aside this transfer on the ground

that the decedent never intelligently and understandingly made such disposition of the stock.   On the trial below, complainant and the heirs expressed entire willingness to carry out the expressed desire of decedent, and allow her to retain $500 in par value of this stock.   The court so decreed, but found for complainant in general, and set aside the transfer as to the balance.   Defendant appeals.

We are satisfied with the holding of the circuit judge. The testimony leaves no doubt in our minds of the merit of the case made by the bill.   While no fraud was intended, it is apparent that some one blundered, and that, in an attempt to make a provision of $500 bounty to the defendant in accordance with the wishes of Mr. Shear, there was an apparent nominal transfer of $4,500, which was accomplished, so far as it was accomplished, without the intelligent assent of Mr. Shear.

The decree is affirmed, with costs to complainant.

The other Justices concurred.